UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANKLIN MCCLURE, JR, ET AL., )<br>　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　v. 　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>BRIAN CAMADECA, ET AL., 　　　　)<br>　　　Defendant. 　　　　　　　　　　)| CAUSE NO.: 2:04-CV-54-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 28], filed by Defendant Lake County Sheriff's Department on April 21, 2005.  Based on the following, the Court denies Defendant Lake County Sheriff's Department's Motion to Dismiss.

**PROCEDURAL & FACTUAL BACKGROUND**

On February 6, 2004, the Plaintiffs filed a Complaint with this Court against Brian Camadeca, individually and in his official capacity as a Lake County Police Officer, Lake County Drug Task Force, and Lake County Sheriff's Department.  The Plaintiffs' Complaint seeks compensatory and punitive damages against the Defendants under 42 U.S.C. § 1983 and Indiana state law for violations of their Fourth and Fourteenth Amendment rights, battery, and failing to adequately train officers in the enforcement and service of search warrants.

On April 21, 2005, Defendant Lake County Sheriff's Department filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   On May 2, 2005, the Plaintiffs filed Plaintiffs' Response to Defendant Lake County Sheriff's Department's Motion to Dismiss. Defendant Lake County Sheriff's Department did not file a reply, and the time for doing so has since

passed.

Both parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**STANDARD**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to rule on its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 12(b)(6) allows a defendant to raise as a defense the failure of the plaintiff to "state a claim upon which relief can be granted." Rule 12(b)(6); *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998). When deciding a motion to dismiss, the Court considers all allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Christopher v. Harbury*, 122 S.Ct. 2179, 2182 (2002); *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.,* 52 F.3d 623, 626-27 (7th Cir. 1995).

If the complaint, viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief can be granted, the Court must dismiss the case. *See* Fed. R. Civ. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, it is well established that the Court may dismiss the complaint only if it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cook*, 141 F.3d at 327. For the purposes of a Rule 12(b)(6) motion, the pleadings include the complaint, the answer, and any written instruments attached to the complaint as exhibits. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). When resolving a motion to

dismiss under 12(b)(6), the district court is entitled to take judicial notice of matters in the public record without converting the motion to dismiss into a motion for summary judgment. *Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir.2000) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994)).

## ANALYSIS

In its Motion to Dismiss, the Lake County Sheriff's Department argues that a county sheriff's department is not a legal entity subject to suit. The Sheriff's Department argues that Lake County, as opposed to Lake County Sheriff's Department, is the proper party in this case. In their Response, the Plaintiffs argue that under Indiana and Seventh Circuit case law, Lake County does not have any control over the actions of the Lake County Sheriff, and, therefore, the county has no liability for the sheriff's actions. The Sheriff's Department did not file a reply.

In *Radcliff v. County of Harrison*, the Indiana Court of Appeals held that "[a] county and its commissioners have no control over the actions of the county sheriff. Therefore, county commissioners have no liability for the sheriff's actions. A county and its commissioners cannot be held liable for a claim . . . made against the county sheriff." 618 N.E.2d 1325, 1328 (Ind. App. 1993) *aff'd. in part, vacated in part on other grounds*, 627 N.E.2d 1305 (Ind.1994) (finding that appellate court correctly held that county commissioners did not have control over the actions of the sheriff and that neither county or county commissioners could be held liable for actions of sheriff). In *Estate of Drayton v. Nelson*, the Seventh Circuit also held that a county has no authority over the sheriff and his deputies and therefore cannot be blamed for any deficiency in the training or supervision of deputy sheriffs. The Seventh Circuit went on to find, "As there is no doubt at all

3

about the relation between the County and the Sheriff, the naming of the County was not only a mistake; it was a mistake that no competent lawyer should have made." 53 F.3d 165, 167-68 (7th Cir. 1994).   Based on Indiana and Seventh Circuit case law, Lake County Sheriff's Department is a legal entity subject to suit and is a proper party in this suit.  Therefore, Defendant Lake County Sheriff's Department's Motion to Dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Lake County Sheriff's Department's Motion to Dismiss [DE 28].

SO ORDERED this 25th day of May, 2005.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record